# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Elizabeth von Keller<br><br>Plaintiff,<br><br>vs.<br><br>Finkel Law Firm LLC, and Harold L. Goldberg<br><br>Defendants. | C.A. No. 3:25-cv-3868-JDA<br><br>**COMPLAINT**<br>**(NON-JURY TRIAL REQUESTED)** |

COMES NOW Plaintiff Elizabeth von Keller ("Plaintiff"), by and through her undersigned counsel, and files this Complaint against Defendants Finkel Law Firm LLC and Harold L. Goldberg, individually, showing this Honorable Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Elizabeth von Keller is a citizen and resident of South Carolina.

2. Defendant Finkel Law Firm LLC ("Finkel Law Firm") is a South Carolina limited liability company with its principal place of business at 1201 Main Street, Suite 1800, Columbia, South Carolina 29201.

3. Defendant Harold L. Goldberg ("Goldberg") is, upon information and belief, a citizen and resident of South Carolina. Goldberg is a managing member of Finkel Law Firm and exercises operational control over the firm, including direct responsibility for payroll decisions and the payment of wages to employees.

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in this District and Division, and Defendants maintain their principal place of business in this District and Division.

**FACTUAL ALLEGATIONS**

7. Plaintiff was employed by Finkel Law Firm from August 2019 until January 2025.

8. At all times relevant to this Complaint, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(2).

9. At all times relevant to this Complaint, Finkel Law Firm was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

10. At all times relevant to this Complaint, Defendant Goldberg was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), as he acted directly in the interest of Finkel Law Firm in relation to the firm's employees, including Plaintiff.

11. At all times relevant to this Complaint, Defendant Goldberg was an "employer" as defined by the South Carolina Payment of Wages Act, as he is the individual with knowledge of and direct responsibility for Finkel Law Firm's failure to pay wages.

12. Defendants failed to pay Plaintiff her earned wages for the following pay periods:

    o   December 27, 2024 - $3,269.23

    o   January 10, 2025 - $3,269.23

    o   January 24, 2025 - $2,615.68

13. The total amount of unpaid wages is $9,154.14.

14. Additionally, from June 28, 2024, through December 13, 2024, Defendants withheld retirement contributions from Plaintiff's wages in the amount of $3,250.00 but failed to remit these contributions to her IRA account.

15. During this same time period, Defendants were required to provide matching contributions of $98.00 per pay period, totaling $1,274.00 in unremitted matching contributions.

16. On February 20, 2025, Plaintiff, through counsel, sent a written demand to Defendants for payment of her unpaid wages and retirement contributions.

17. Additionally, demand was made for treble damages as required under the South Carolina Payment of Wages Act.

18. On March 10, 2025, Defendants paid $12,579.41 to Plaintiff for unpaid earned wages and retirement contributions.

19. Defendants have failed to pay Plaintiff attorneys fees, treble damages as provided for under the South Carolina Payment of Wages Act or double damages as provided for in the Fair Labor Standards Act.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

21. At all times relevant to this Complaint, Defendants were engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

22. Pursuant to Section 206 of the FLSA, every employer engaged in commerce must pay its employees the minimum wage. 29 U.S.C. § 206.

23. While the FLSA does not explicitly state when wages must be paid, courts have consistently held that wages are due on the next regular pay date. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945); see also Roland Electrical Co. v. Black, 163 F.2d 417, 418 (4th Cir. 1947) ("if [an employer] fails to pay overtime compensation promptly and when due on any regular payment date, the statutory action for the unpaid minimum and liquidated damages…. immediately arises in favor of the aggrieved employee").

24. Defendants failed to pay Plaintiff her earned wages on the regular pay dates of December 27, 2024, January 10, 2025, and January 24, 2025, in violation of the FLSA.

25. Defendants' failure to pay Plaintiff's earned wages was willful and not in good faith.

26. As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally:

    b. Liquidated damages in an amount equal to her unpaid minimum wages and overtime compensation due;

    c. Reasonable attorneys' fees and costs; and

    d. All other appropriate relief.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE SOUTH CAROLINA PAYMENT OF WAGES ACT

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

28. At all times relevant to this action, Plaintiff was an employee of Defendants as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et seq. ("SCPWA").

29. At all times relevant to this action, Defendants were employers as defined by the SCPWA.

30. Pursuant to S.C. Code Ann. § 41-10-40, every employer in the State shall pay all wages due at the time and place designated and an employer shall not withhold or divert any portion of an employee's wages unless the employer is required or permitted to do so by state or federal law or the employer has given written notification to the employee of the amount and terms of the deductions.

31. Pursuant to S.C. Code Ann. § 41-10-50, when an employer separates an employee from the payroll for any reason, the employer shall pay all wages due to the employee within forty-eight hours of the time of separation or the next regular payday which may not exceed thirty days.

32. Defendants failed to pay Plaintiff her earned wages for the pay periods of December 27, 2024, January 10, 2025, and January 24, 2025, in violation of the SCPWA.

33. Additionally, Defendants withheld retirement contributions from Plaintiff's wages but failed to remit these contributions to her IRA account, in violation of S.C. Code Ann. § 41-10-40.

34. Defendant Goldberg is individually liable for these violations as the individual with knowledge of and direct responsibility for Finkel Law Firm's failure to pay wages. See Temple v. Tec-Fab, Inc., 370 S.C. 383, 635 S.E.2d 541, 544 (S.C. Ct. App. 2006).

35. Pursuant to S.C. Code Ann. § 41-10-80, Plaintiff is entitled to recover from Defendants, jointly and severally: a. Three times the full amount of her unpaid wages, totaling $27,462.42 ($9,154.14 × 3) less the amount previously paid after Plaintiff retained counsel and demanded payment; b. Costs; c. Reasonable attorneys' fees; and d. All other appropriate relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Elizabeth von Keller respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendants, jointly and severally;

2. Award Plaintiff liquidated damages under the FLSA in an amount equal to her unpaid minimum wages and overtime compensation;

3. Award Plaintiff treble damages under the SCPWA in the amount of $25,158.82, less the amount previously paid after Plaintiff retained counsel and demanded payment;

4. Award Plaintiff reasonable attorneys' fees and costs;

5. Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

6. Grant such other and further relief as this Court deems just and proper.

s/ James M. Griffin
James M. Griffin (Fed. ID No. 1053)
Catherine Hunter (Fed ID No. 14408)
GRIFFIN HUMPHRIES LLC
Post Office Box 999
Columbia, South Carolina 29202
(803) 744-0800
jgriffin@griffinhumphries.com
chunter@griffinhumphries.com

May 7, 2025